UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,** | § § § | No. 5:15-CV-200-DAE |
| Plaintiff, | § § | |
| vs. | § § | |
| **MICHAEL PADRON, MARIA PADRON, JOE ALEX MUNIZ, MICHAEL WIBRACHT, LAURA WIBRACHT, RUEBEN VILLARREAL, MANUELA VILLARREAL, JAMES BRIAN TAYLOR, FAMEEDA TAYLOR, STEVEN WIBRACHT, ERIN WIBRACHT, RAYMOND JENKINS, WENDY JENKINS, MAPCO, INC., CDI VENTURES, INC., AMCO STEEL FABRICATION, LLC, BLACKHAWK VENTURES, LLC, d/b/a BLACKHAWK CONSTRUCTORS, PROMASTERS CONSTRUCTION, INC., JAMCO VENTURES, LLC, HOMELAND CONSTRUCTION, INC., MBH VENTURES, LLC, MILCON CONSTRUCTION, LLC, TEAM JAMA, CORE LOGISTICS SERVICES, LLC d/b/a CORE CONSTRUCTORS, WPS GROUP, LLC, d/b/a FEDERAL MANAGEMENT SOLUTIONS, PADRON ENTERPRISES, INC., BLACKHAWK-JAMCO A SDVO, LLC, BLACKHAWK/JAMCO JV2,** | § § § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**FIRST AMENDED ANSWER OF CORE LOGISTIC SERVICES, LLC,
MICHAEL WIBRACHT, LAURA WIBRACHT, STEVEN WIBRACHT,
AND ERIN WIBRACHT TO PLAINTIFF'S FIRST AMENDED
<u>COMPLAINT, AND FIRST AMENDED CROSS-CLAIM</u>**

Defendants Core Logistic Services, LLC, Michael Wibracht, Laura Wibracht, Steven Wibracht, and Erin Wibracht (together, "Core Defendants") file their First Amended Answer to Plaintiff's First Amended Complaint ("Complaint"), and First Amended Cross-Claim, as follows:

## I.
## Affirmative Defenses

1. Plaintiff has not yet suffered a loss, and there is no reasonable anticipated loss, as defined in the Indemnity Agreement.

2. Plaintiff has not reasonably posted reserve in compliance with the appropriate internal and external regulations and in compliance with good faith.

3. Plaintiff has failed to satisfy conditions precedent, including, without limitation, demonstrating a default in performance or nonpayment of a valid payment bond claim.

4. Defendants Michael and Laura Wibracht limited their liability by contract with Travelers and accordingly are not liable for any joint venture, as alleged in Plaintiff's Complaint.

5. Defendants Steven and Erin Wibracht are not liable for losses on bonds issued before April 10, 2013, the date they signed their General Agreement of Indemnity Additional Indemnitor Riders.

6. Plaintiff's claims regarding the General Agreement of Indemnity Additional Indemnitor Riders fail, in part, for lack of consideration, including, without limitation, with regard to bonds issued prior to the execution of the Indemnity Riders.

7. Plaintiff's claims regarding the General Agreement of Indemnity Additional Indemnitor Riders fail, in part, because of the doctrine of illusory contract, including, without limitation, with regard to bonds issued prior to the execution of the Indemnity Riders.

8. The Core Defendants are entitled to credits for any sums paid by settling parties, including AMCO and CDI.

## II.
## Responses to Allegations in Complaint

9. The Core Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 1, 2, 3, 4, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, and 27 in Section I of Plaintiff's Complaint and therefore deny them.

10. The Core Defendants admit the allegations in Paragraphs 5, 6, 11, 12 and 23 in Section I of Plaintiff's Complaint.

11. The Core Defendants admit the allegations in Paragraphs 28, 29 and 31 in Section II of Plaintiff's Complaint.

12. The Core Defendants deny the allegations in Paragraph 30 in Section II of Plaintiff's Complaint.

13. The Core Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of Section III (A) in Plaintiff's Complaint, except that the Core Defendants admit that Michael Wibracht and Laura Wibracht executed the GAI in September 2008.

14. The Core Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of Section III (A) in Plaintiff's Complaint, and therefore deny them.

15. The Core Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of Section III (A) in Plaintiff's Complaint, and therefore deny them, except that the Core Defendants admit that Defendant Core Logistic Services LLC executed a GAI Additional Indemnitor Rider in March 2011.

16. The Core Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of Section III (A) in Plaintiff's Complaint, and therefore deny them.

17. The Core Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of Section III (A) in Plaintiff's Complaint, and therefore deny them, except that the Core Defendants admit that Steven Wibracht and Erin Wibracht executed a GAI Addition Indemnitor Rider in April 2013.

18. The Core Defendants admit the allegations in Paragraphs 37 through 56 of Section III (A) in Plaintiff's Complaint.

19. The Core Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 57 through 65 of Section III (B) in Plaintiff's Complaint, and therefore deny them, except that the Core Defendants admit that they executed the documents referenced in Paragraphs 57, 58, 62 and 64. With regard to other defendants in this case, the Core Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 57, 58, 62, and 64, and therefore deny them.

20. The Core Defendants deny the allegations in Paragraphs 66, 67, and 68 of Section III (C) in Plaintiff's Complaint, but only to the extent that they apply to the Core Defendants. With regard to other defendants in this case, the Core Defendants lack knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraphs 87, 88 and 89, and therefore deny them.

21.    The Core Defendants admit the allegations in Paragraphs of 69 and 70 of Section III (D) in Plaintiff's Complaint.

22.    The Core Defendants deny the allegations in Paragraph 71 of Section III (D) in Plaintiff's Complaint.

23.    The Core Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 72, 73 and 74 of Section III (D) in Plaintiff's Complaint, and therefore deny them.

24.    With regard to the Core Defendants' obligations, the allegations in Paragraph 75 of Section III (D) in Plaintiff's Complaint are denied.  The Core Defendants lack knowledge or information sufficient to form a belief about the remainder of the allegations in Paragraph 75, and therefore deny them.

25.    The Core Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 76, 77, and 78 of Section III (D) in Plaintiff's Complaint.

26.    The Core Defendants admit the allegations in Paragraphs 79 and 80 of Section III (D) in Plaintiff's Complaint.

27.    The Core Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 of Section III (D) in Plaintiff's Complaint, and therefore deny them.

28.     The Core Defendants admit the allegations in Paragraph 82 of Section III (D) in Plaintiff's Complaint, except that the Core Defendants deny that they failed to cooperate with Plaintiff.

29.     The Core Defendants admit the allegations in Paragraphs 83, 84, 85, and 86 of Section III (D) in Plaintiff's Complaint.

30.     The Core Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87, of Section III (D) in Plaintiff's Complaint, and therefore deny them, except that the Core Defendants deny that they violated the Indemnity Agreement, deny that they failed to furnish Plaintiff free access to their books and records in violation of the Indemnity Agreement, and admit that they have not deposited any additional collateral.

31.     The Core Defendants deny the allegations in Paragraph 88 of Section III (D) in Plaintiff's Complaint.

32.     The Core Defendants admit the allegations in Paragraph 89 of Section III (D) in Plaintiff's Complaint.

33.     The Core Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 of Section III (D) in Plaintiff's Complaint.

34.     The Core Defendants deny the allegations in Paragraph 91 of Section III (D) in Plaintiff's Complaint, and therefore deny them, except that the Core Defendants admit that Plaintiff requested access to books and records, and the Core Defendants complied with the request.

35. The Core Defendants deny the allegations in Paragraph 92 of Section III (D) in Plaintiff's Complaint, and therefore deny them, except that the Core Defendants admit that Travelers issued a revised collateral demand and requested a meeting of the parties.

36. The Core Defendants deny the allegations in Paragraph 93 of Section III (D) in Plaintiff's Complaint, and therefore deny them, except that the Core Defendants admit that the parties conducted mediation in November 2015 and that it was not successful as to the claims asserted against the Core Defendants.

37. The Core Defendants deny the allegations in Paragraphs 94 and 95 of Section III (D) in Plaintiff's Complaint.

38. The Core Defendants deny the allegations in Paragraphs 97 and 98 of Section IV, Count 1, in Plaintiff's Complaint.

39. The Core Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 99, 100, and 101 of Section IV, Count 1, of Plaintiff's Complaint, and therefore deny them, except that the Core Defendants admit that Plaintiff demanded the Core Defendants deposit additional collateral, and the Core Defendants have not done so to date.

40. The Core Defendants deny the allegations in Paragraphs 102 and 103 of Section IV, Count I, in Plaintiff's Complaint.

41. The Core Defendants admit the allegations in Paragraphs 105 and 106 of Section IV, Count II, in Plaintiff's Complaint.

42. The Core Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107 of Plaintiff's Complaint, and therefore

deny them, except that the Core Defendants specifically deny that they failed to furnish Plaintiff free access to their records.

43. The Core Defendants deny the allegations in Paragraphs 108, 109, 110, and 111 of Section IV, Count II, in Plaintiff's Complaint.

44. The Core Defendants deny the allegations in Paragraphs 113, 114, and 115 of Section IV, Count III, in Plaintiff's Complaint.

45. The Core Defendants deny the allegations in Paragraphs 117, 118, 119, 120, and 121 of Section IV, Count IV, in Plaintiff's Complaint.

46. The Core Defendants deny the allegations in Paragraphs 123, 124, 125, 126, and 127 of Section IV, Count V, in Plaintiff's Complaint.

47. The Core Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 129 through 138 of Section IV, Count VI, in Plaintiff's Complaint, and therefore deny them, except that the Core Defendants specifically deny that they have failed to furnish Plaintiff free access to their records specifically and specifically deny that they have improperly or fraudulently transferred property in violation of the Texas Uniform Fraudulent Transfer Act.

### CORE DEFENDANTS' CROSS-CLAIM AGAINST MICHAEL PADRON, JAMES TAYLOR, MAPCO, INC., AND WPS GROUP, LLC

#### I.
#### Parties

1. Cross-Plaintiff Michael Wibracht is a citizen of the State of Texas and has generally appeared in the above-captioned cause as a defendant.

2. Cross-Plaintiff Laura Wibracht is a citizen of the State of Texas and has generally appeared in the above-captioned cause as a defendant.

3. Cross-Plaintiff Steven Wibracht is a citizen of the State of Texas and has generally appeared in the above-captioned cause as a defendant.

4. Cross-Plaintiff Erin Wibracht is a citizen of the State of Texas and has generally appeared in the above-captioned cause as a defendant.

5. Cross-Plaintiff Core Logistic Services, LLC is a corporation organized and existing under the law of the State of Texas and has generally appeared in the above-captioned cause as a defendant.

6. Cross-Defendant Michael Padron is a citizen of the State of Texas and has generally appeared in the above-captioned cause as a defendant.

7. Cross-Defendant James Taylor is a citizen of the State of Texas and has generally appeared in the above-captioned cause as a defendant.

8. Cross-Defendant Mapco, Inc. is a corporation organized and existing under the law of the State of Texas and has generally appeared in the above-captioned cause as a defendant.

9. Cross-Defendant WPS Group, LLC is a limited liability company organized and existing under the laws of the State of Texas and has generally appeared in the above-captioned cause as a defendant.

## II.
## Jurisdiction and Venue

**10.** The Court has jurisdiction over this cross-claim pursuant to Fed. R. Civ. P. 13(g) and 28 U.S.C. §1367. Cross-Plaintiffs' claims arise out of the alleged occurrences that are the subject matter of Travelers' Complaint, and Cross-Defendants are liable to Cross-Plaintiffs for all or part of the claims asserted by Travelers against Cross-Plaintiffs in the

above-captioned case. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to the cross-claim occurred in this judicial district.

## III.
## Factual Background

11. In August 2013, Michael and Steven Wibracht (the "Wibrachts") entered into a series of agreements with Michael Padron ("Padron"), James Taylor ("Taylor"), Mapco, Inc. ("Mapco") and WPS Group, LLC ("WPS"), together the "Cross-Defendants," as part of a corporate restructuring and separation of business interests. Included among these agreements were a Comprehensive Agreement, a Stock Purchase Agreement, a Membership Interest Purchase Agreement, and an Employment Termination and Release Agreement. Each of these four agreements contained provisions by which Cross-Plaintiffs were to be indemnified by one or more of the Cross-Defendants. The scope of these four indemnities encompass the claims asserted by Plaintiff Travelers Casualty and Surety Company of America ("Travelers") in the above-captioned cause. Additionally, the Comprehensive Agreement includes a provision whereby the Cross-Defendants were to secure the release of the Wibrachts from their obligations, if any, under the bonds at issue in the above-captioned cause.

12. By four letters dated January 26, 2015, the Cross-Plaintiffs made demand upon the Cross-Defendants to honor their indemnity obligations in the four agreements, and further, to honor the obligation in the Comprehensive Agreement to secure the release of the Wibrachts from liability under the bonds at issue. However, Cross-Defendants have failed either to honor the indemnity provisions or to secure the Wibrachts' release from the bond obligations.

## IV.
## Count One: Indemnification Under Comprehensive Agreement

13. Cross-Plaintiffs seek indemnification in the above-captioned cause from WPS and Mapco pursuant to the Comprehensive Agreement. Section D (iii) of the Comprehensive Agreement provides:

> [WPS] and Mapco hereby release and jointly indemnify the Released Parties with respect to all liability arising out of the surety obligations to which [WPS], Mapco or their affiliates are parties.

14. The above-captioned cause arises out of the surety obligations to which WPS, Mapco, and/or their affiliates are parties. By January 26, 2015 letter, Cross-Plaintiffs made demand on WPS and Mapco to honor the indemnity provision in the Comprehensive Agreement, but WPS and Mapco have declined to do so.

## V.
## Count Two: Indemnification Under Stock Purchase Agreement

15. Cross-Plaintiffs seek indemnification in the above-captioned cause from Mapco pursuant to the Stock Purchase Agreement. Section 6 of the Stock Purchase Agreement provides:

> [Mapco] hereby agrees to and does release and indemnify and hold harmless M. Wibracht, S. Wibracht, Jenkins and their respective affiliates, agents, representatives, heirs (each an "Indemnified Person") from and against any all losses, claims, damages, liabilities and expenses to which any Indemnified Person may become subject (i) as a result of or arising out of M. Wibracht's, S. Wibracht's or Jenkins's ownership, employment or any other relationship with the Corporation, known or unknown, which existed prior to the Effective Date, (ii) arising on or after the Effective Date, out of or in connection with the Corporation or PEI or the business of the Corporation including, without limitation any surety losses, or (iii) arising at any time, before or after the Effective Date, out of or with respect to any surety losses of the Corporation, surety obligations of the Corporation or any debt owing by the Corporation, including without limitation the existing BBVA Compass line of credit account number 10378391 and any credit card debt of the Corporation, or any claim, litigation, investigation or proceeding (any of the foregoing a "Proceeding") relating to any of the foregoing, regardless of whether any such Indemnified Person is a party thereto or whether a Proceeding is brought by a third party or by the Corporation or any of its

affiliates, and to reimburse such Indemnified Person upon demand for any legal or other out of pocket expenses incurred in connection with investigating or defending any of the foregoing.

16. Travelers' claims against Cross-Plaintiffs in the above-captioned cause fall within the scope of the above-indemnity. (See, e.g., Comprehensive Agreement, p.1, identifying Cross-Plaintiff Core as an "Affiliated Entity" of the Wibrachts.) By January 26, 2015 letter, Cross-Plaintiffs made demand on Mapco to honor this indemnity provision, but Mapco has declined to do so.

## VI.
## Count Three: Indemnification Under Membership Interest Purchase Agreement

17. Cross-Plaintiffs seek indemnification in the above-captioned cause from WPS pursuant to the Membership Interest Purchase Agreement. Section 4(b) of the Membership Interest Purchase Agreement provides:

> [WPS] hereby agrees to and does release and indemnify and hold harmless M. Wibracht, S. Wibracht, Jenkins and their respective affiliates, agents, representatives, heirs (each an "Indemnified Person") from and against any all losses, claims, damages, liabilities and expenses to which any Indemnified Person may become subject (i) as a result of or arising out of M. Wibracht's, S. Wibracht's or Jenkins's ownership, employment or any other relationship with the Company, known or unknown, which existed prior to the Effective Date, (ii) arising on or after the Effective Date, out of or in connection with the Company or the business of the Company including, without limitation any surety losses, or (iii) arising at any time, before or after the Effective Date, out of or with respect to any surety losses of the Company, surety obligations of the Company or any debt owing by the Company, including without limitation the existing BBVA Compass line of credit and any credit card debt of the Company, or any claim, litigation, investigation or proceeding (any of the foregoing a "Proceeding") relating to any of the foregoing, regardless of whether any such Indemnified Person is a party thereto or whether a Proceeding is brought by a third party or by the Company or any of its affiliates, and to reimburse such Indemnified Person upon demand for any legal or other out of pocket expenses incurred in connection with investigating or defending any of the foregoing.

18. Travelers' claims against Cross-Plaintiffs in the above-captioned cause fall within the scope of the above-indemnity. (See, e.g., Comprehensive Agreement, p.1, identifying

-12-

Cross-Plaintiff Core as an "Affiliated Entity" of the Wibrachts.)  By January 26, 2015 letter, Cross-Plaintiffs made demand on WPS to honor the indemnification provision, but WPS has declined to do so.

## VII.
## Count Four: Indemnification Under Employment Termination And Release Agreement

19. Cross-Plaintiffs seek indemnification in the above-captioned cause from WPS pursuant to the Employment Termination and Release Agreement.  Section 3.3 of the Employment Termination and Release Agreement provides:

> [WPS] hereby agrees to and does release and indemnify and hold harmless [Michael Wibracht] and his affiliates, agents, representatives, heirs (each an "Indemnified Person") from and against any all losses, claims, damages, liabilities and expenses to which any Indemnified Person may become subject (i) as a result of or arising out of Executive's employment, ownership or other relationship with the Company, known or unknown, which existed prior to the Effective Date, (ii) arising on or after the Effective Date, out of or in connection with the Company or the business of the Company including, without limitation any surety losses, or (iii) arising at any time, before or after the Effective Date, out of or with respect to any surety loss of the Company, surety obligation of the Company or any debt owing by the Company, including without limitation the existing BBVA Compass line of credit and any credit card debt of the Company, or any claim, litigation investigation or proceeding (any of the foregoing a "Proceeding") relating to any of the foregoing, regardless of whether any such Indemnified Person is a party thereto or whether a Proceeding is brought by a third party or by the Company or any of its affiliates, and to reimburse such Indemnified Person upon demand for any legal or other out of pocket expenses incurred in connection with investigating or defending any of the foregoing.

20. Travelers' claims against Cross-Plaintiffs in the above-captioned cause fall within the scope of the above-indemnity.  (See, e.g., Comprehensive Agreement, p.1, identifying Cross-Plaintiff Core as an "Affiliated Entity" of the Wibrachts.)  By January 26, 2015 letter, Cross-Plaintiffs made demand on WPS to honor the indemnification provision, but WPS has declined to do so.

## VIII.
## Count Five: Breach Of Contract

21. Pursuant to Section D (iii) of the Comprehensive Agreement, Padron, Taylor, WPS, and Mapco were required to "use commercially reasonable efforts to promptly secure the release of [the Wibrachts] from their personal guarantees of any insurance or surety bonds written through [August 29, 2013]." Almost 21 months has passed, and Padron, Taylor, WPS, and Mapco have breached this provision of the Comprehensive Agreement by failing to secure the release of the Wibrachts from their personal guarantees of the insurance and surety bonds at issue in above-captioned cause. As a result of this failure to secure the Wibrachts' release, the Wibrachts have been named as defendants in the above-captioned cause and been required to obtain legal counsel to defend against the claims asserted by Travelers therein. By letter dated January 26, 2015, the Wibrachts made demand upon Padron, Taylor, WPS, and Mapco to honor their obligation to secure the Wibrachts' release from liability under the bonds at issue, but they have wholly failed to do so, causing damage to the Wibrachts and exposing them to potential financial liability to Travelers, for which recovery is sought by this cross-claim.

## IX.
## Count Six: Attorneys' Fees And Costs

22. Pursuant to Tex. Civ. Prac. & Rem. Code § 38.001 *et seq.*, the Wibrachts are entitled to the recovery of their attorneys' fees and costs from Padron, Taylor, WPS, and Mapco in connection with the Wibrachts' breach of contract claim (Count 5 above). Additionally, pursuant to the above-cited indemnity provisions in the Stock Purchase Agreement, Membership Interest Purchase Agreement, and Employment Termination and Release Agreement, Cross-Plaintiffs are entitled to recovery of their reasonable attorneys'

fees and expenses incurred in connection with their defense against the claims asserted by Travelers in the above-captioned cause.

FOR THESE REASONS, Defendants Core Logistic Services, LLC, Michael Wibracht, Laura Wibracht, Steven Wibracht, and Erin Wibracht pray that Plaintiff take nothing and that Cross-Plaintiffs recover on the cross-claims asserted herein.

BRACEWELL & GIULIANI LLP

*/s/ W. Stephen Benesh*
W. Stephen Benesh
State Bar No. 02132050
Patrick A. Caballero
State Bar No. 24028975
111 Congress Avenue, Suite 2300
Austin, Texas  78701-4043
Telephone: (512) 472-7800
Telecopier: (512) 472-9123
steve.benesh@bgllp.com

ATTORNEYS FOR DEFENDANTS CORE LOGISTIC SERVICES, LLC, MICHAEL WIBRACHT, LAURA WIBRACHT, STEVEN WIBRACHT, AND ERIN WIBRACHT

-16-

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing was forwarded to the below-listed counsel in accordance with the Federal Rules of Civil Procedure, on this the 11th day of December 2015:

Gregory M. Weinstein
Weinstein Radcliff LLP
6688 North Central Expressway
Suite 675
Dallas, TX 75206

ATTORNEY FOR PLAINTIFF
TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA

Lewin Plunkett
Plunkett & Griesenbeck, Inc.
1635 NE Loop 410, Suite 900
San Antonio, TX 78209

ATTORNEY FOR DEFENDANTS WPS,
BLACKHAWK AND PADRON

J. Caleb Rackley
Rackley Law Offices PC
14237 Old Bandera Road
Helotes, TX 78023

ATTORNEY FOR DEFENDANT
MILCON CONSTRUCTION, LLC

Lee Elms
Elms Harmon LLC
2702 Treble Creek
San Antonio, TX 78258

ATTORNEY FOR DEFENDANTS
CDI VENTURES, INC. AND
AMCO STEEL FABRICATION, LLC

Bernie Martinez
Law Office of Bernie Martinez
300 Convent St., Ste. 2500
San Antonio, TX 78205
Bernie@berniemartinez.com

ATTORNEY FOR DEFENDANT MARIA
PADRON

William Kingman
Law Offices of William B. Kingman, P.C.
4040 Broadway St., Ste. 450
San Antonio, TX 78209

ATTORNEY FOR DEFENDANTS JOE
ALEX MUNIZ, JAMCO VENTURES, LLC
AND TEAM JAMA

    /s/ W. Stephen Benesh
        W. Stephen Benesh