IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | SA-15-CV-00200-DAE |
| MICHAEL PADRON, MARIA PADRON, JOE ALEX MUNIZ, MICHAEL WIBRACHT, LAURA WIBRACHT, RUEBEN VILLARREAL, MANUELA VILLARREAL, JAMES BRIAN TAYLOR, FRAMEEDA TAYLOR, STEVEN WIBRACHT, ERIN WIBRACHT, RAYMOND JENKINS, WENDY JENKINS, MAPCO, INC., BLACKHAWK VENTURES, LLC, PROMASTERS CONSTRUCTION, INC., JAMCO VENTURES, LLC, HOMELAND CONSTRUCTION, INC., MBH VENTURES, LLC, MILCON CONSTRUCTION, LLC, TEAM JAMA, CORE LOGISTICS SERVICES, LLC, WPS GROUP, LLC, PADRON ENTERPRISES, INC., BLACKHAWK-JAMCO A SDVO, LLC, BLACKHAWK/JAMCO JV2, | § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

## **ORDER**

Before the Court in the above-styled cause of action is the Opposed Motion to Withdraw as Counsel of Record for Defendant Michael Wibracht [#254], which was referred to the undersigned for disposition on July 25, 2019. By their motion, Kevin M. Young, Jason Pulliam, and the Law Firm of Prichard Young, LLP, ask the Court for permission to withdraw as attorneys for Michael Wibracht due to an irreconcilable conflict.

1

The Court held a hearing on the motion on August 6, 2019, at which counsel for Plaintiff, Defendant Michael Wibracht, and Mr. Young were present. Mr. Young explained to the Court at the hearing that the nature of the conflict is a dispute over the payment of fees by Mr. Wibracht. Mr. Wibracht indicated that there is also a conflict over the litigation strategy and that he is willing to represent himself *pro se*. Plaintiff indicated it is not opposed to the withdrawal.

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In the Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). The withdrawing attorney bears the burden of specifying and proving the existence of good cause for withdrawal. *See United States v. Austin*, 812 F.3d 453, 456 (5th Cir. 2016) (citing *United States v. Wild*, 92 F.3d 304, 307 (5th Cir. 1996); *Wynn*, 889 F.3d at 646)). A court's determination whether an attorney has good cause to withdraw depends on the facts and circumstances of the particular case. *See Wild*, 92 F.3d at 307. "The withdrawal of an attorney in a given case is a matter entrusted to the sound discretion of the court." *United States v. Conlan*, 786 F.3d 380, 390 (5th Cir. 2015) (internal quotation marks omitted).

The Court will grant the motion because there is good cause for the withdrawal. Mr. Pulliam, one of Mr. Wibracht's attorneys, has been appointed to the federal judiciary as a United States District Judge in the San Antonio Division of the Western District of Texas. Mr. Pulliam is therefore required to withdraw his representation. As to Mr. Young and the law firm of Pritchard Young, LLP, the Court will also permit the withdrawal, in light of the conflict not just over the payment of fees but also due to the disagreement between Mr. Wibracht and Mr. Young as to the direction of the litigation. This case is not set for trial until February 2020, giving Mr. Wibracht ample time to retain a new attorney if he so desires. The Court finds that no party will be prejudiced by the withdrawal.

At the close of the Court's hearing, the Court advised Mr. Wibracht regarding his obligations as a party representing himself *pro se*, and Mr. Wibracht reiterated his willingness to do so. Mr. Wibracht also made an oral motion for electronic access to filing court documents in this case. The Court will grant the oral motion.

**IT IS THEREFORE ORDERED** that the Opposed Motion to Withdraw as Counsel of Record for Defendant Michael Wibracht [#254] is **GRANTED**.

**IT IS FURTHER ORDERED** that Kevin M. Young, Jason Pulliam, and the Law Firm of Prichard Young, LLP's representation of Defendant Michael Wibracht in this proceeding is hereby **TERMINATED**.

**IT IS FURTHER ORDERED** that if Mr. Wibracht obtains a new attorney, his new counsel may enter an appearance at any time in this litigation.

**IT IS FURTHER ORDERED** that Mr. Wibracht's oral motion for electronic access to the Court's filing system is **GRANTED**. Mr. Wibracht is directed to contact the Office of the District Clerk to obtain the e-filing and e-noticing registration form and to submit the fully completed form to the Clerk. Under standard procedures, the registration form will be processed by the Clerk, who has the responsibility of verifying, approving, and effectuating e-filing and e-noticing of court documents.

**IT IS FINALLY ORDERED** that Mr. Wibracht consult the following resources to assist him in representing himself *pro se* in this case:

- The Federal Rules of Civil Procedure, available at: www.uscourts.gov/file/rules-civil-procedure
- This Court's Local Rules, available at https://www.txwd.uscourts.gov/court-information/lcr-civil-rules/
- The "Complete Pro Se Manual" which is available on the Court's website at: https://www.txwd.uscourts.gov/filing-without-an-attorney/.

Although *pro se* litigants are held to a less stringent standard, they are nevertheless required to follow the rules that govern all litigants in federal court. *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995). These rules include but are not limited to the rules and Court orders regarding conference with opposing counsel, following deadlines imposed by the rules and the Court's Scheduling Order, observing the response times for nondispositive and dispositive motions as set forth in Local Rule CV-7(e), and keeping the Court updated with a current address to ensure all filings are received.

**IT IS SO ORDERED.**

SIGNED this 12th day of August, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE